IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **KINGMAN HOLDINGS, LLC as TRUSTEE OF THE STONEWOOD CIRCLE 4541 LAND TRUST,** § § § § | |
| Plaintiff, § | |
| v. § | Civil Action No. **3:22-CV-1779-L** |
| § | |
| **UMB BANK NATIONAL ASSOCIATION as TRUSTEE FOR LVS TITLE TRUST XIII,** § § § § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendant UMB Bank as Trustee's Motion to Vacate Default Judgment (Doc. 4), filed August 18, 2022; and Defendant UMB Bank as Trustee's Motion to Dismiss Amended Complaint (Doc. 11), filed February 21, 2023. Also before the court is Plaintiff's Motion to Remand (Doc. 14), filed February 21, 2023, which the court **construes**, together with Plaintiff's Amended Complaint (Doc. 10), as a motion to join Vien Ladd and Dennis Little as defendants in this removed action.

### I.     Factual and Procedural Background

Kingman Holdings, LLC, as Trustee of the Stonewood Circle 4541 Land Trust ("Plaintiff" or "Kingman"), originally filed this action on May 18, 2022, in the 40th Judicial District Court of Ellis County, Texas, against UMB Bank National Association, as Trustee for LVS Title Trust XIII ("Defendant" or "UMB"), seeking to set aside the June 4, 2021 assignment of the deed of trust from Wells Fargo, N.A. to UMB for property allegedly acquired by Plaintiff on February 4, 2020. The property is located at 4541 Stonewood Circle, Midlothian, Texas, 76065. Plaintiff alleged in

its Original Petition that the deed of trust or assignment of the deed of trust is void and, for statute of limitations reasons, "the powers of sale under the deed of trust may no longer be exercised." Pl.'s Orig. Pet. ¶¶ 7-8.

In its Amended Petition, which was filed on May 26, 2022, Plaintiff requested relief in the form of an order terminating the deed(s) of trust and quieting title in its favor on the ground that UMB's enforcement of its lien interest is barred by the statute of limitations. Kingman also requested injunctive relief and was granted a temporary restraining order or TRO to prevent the foreclosure of the property scheduled for June 7, 2022. It then moved for default judgment on July 26, 2022, which was granted, and a final judgment against UMB was entered on August 5, 2022, for failure to answer after having been properly served.

On August 12, 2022, UMB removed the action to federal court based on diversity jurisdiction and moved to set aside the default judgment against it on the ground that it was not properly served. Kingman did not file a response to this motion. Instead, on February 10, 2023, it filed an Amended Complaint against UMB and added two defendants—Vien Ladd and Dennis Little. Before it filed the Amended Complaint, Plaintiff did not comply with Federal Rule of Civil Procedure 15(a)(2) by seeking leave of court or UMB's consent.

Plaintiff alleges in its Amended Complaint that the sale of the property was unlawful because, "[d]espite being served with the TRO, Defendant UMB sold the property at foreclosure to Defendants VIEN and LITTLE." Pl.'s Am. Compl. ¶¶ 9-10. In addition, Plaintiff contends that the sale of the property was unlawful because the deed or assignment of the deed of trust to UMB is void. Plaintiff continues to seek an order quieting title in its favor, or alternatively, for money damages for the value of the property.

**Memorandum Opinion and Order – Page 2**

On February 23, 2023, UMB moved, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the Amended Complaint. In response to UMB's Motion to Dismiss, Plaintiff moved to remand this action to state court, contending that the addition of Defendants Vien and Little, who are necessary parties to this action, would destroy complete diversity of citizenship between it and Defendants. As indicated, the court construes Plaintiff's Motion to Remand and its Amended Complaint, which it did not seek leave to file, as a motion to join Vien Ladd and Dennis Little as defendants in this removed action. UMB, which opposes the Motion to Remand and joinder of Vien Ladd and Dennis Little, filed a response on March 6, 2023.

## II. Discussion

### A. UMB's Motion to Vacate Default Judgment

UMB contends that the default judgment against it is void and should be vacated, pursuant to Federal Rule of Civil Procedure 60(b)(4) because service was improper under Texas Civil Practice and Remedies Code § 17.044(a)(3)(b), and it was never served with a copy of Plaintiff's Amended Petition. Regarding Rule 60(b) motions, the Fifth Circuit has previously explained:

> Typically, "[m]otions under Rule 60(b) are directed to the sound discretion of the district court, and its denial of relief upon such motion will be set aside on appeal only for abuse of that discretion." When, however, the motion is based on a void judgment under rule 60(b)(4), the district court has no discretion—the judgment is either void or it is not. If a court lacks jurisdiction over the parties because of insufficient service of process, the judgment is void and the district court must set it aside.

*Recreational Props., Inc. v. Southwest Mortg. Serv. Corp.*, 804 F.2d 311, 313-14 (5th Cir. 1986) (citations omitted). "Removal is simply not possible after a final judgment and the time for direct appellate review has run." *Oviedo v. Hallbauer*, 655 F.3d 419, 425 (5th Cir. 2011). Removal, however, is not precluded when the time for direct appellate review has not run. *Thompson v. Deutsche Bank Nat'l Tr. Co.*, 775 F.3d 298, 305 (5th Cir. 2014) (citations omitted).

Under the Texas Rules of Appellate Procedure, UMB had six months to appeal the default judgement. Tex. R. App. P. 30 (citing Tex. R. App. P. 26.1(a)).  It removed this action to federal court within seven days of the default judgment being entered in the state court case.  Moreover, the court is satisfied that complete diversity of citizenship existed between Plaintiff and UMB when the case was removed.  Accordingly, the court has subject matter jurisdiction over this action, notwithstanding Plaintiff's subsequent request after removal of this action to join Vien Ladd and Dennis Little.

UMB has presented evidence to support its argument that Plaintiff's serving it via service on the Texas Secretary of State was insufficient under section 17.028 of the Texas Civil Practice & Remedies Code, given its status as a "financial institution," which has a registered agent for service.  *See United States Bank Nat'l Ass'n v. Moss*, 644 S.W.3d 130, 131-32 (Tex. 2022) (concluding that section 17.028 "provides the mandatory methods of serving a financial institution" such that service on the defendant financial institution through the Secretary of State rather than its registered agent was improper and insufficient to satisfy section 17.028).

Moreover, Plaintiff did not file a response to UMB's Motion to Vacate Default Judgment within the time allowed under this district's Local Civil Rules applicable to motion practice.  The court, therefore, interprets Plaintiff's lack of response to mean that it is not opposed to the motion.  Additionally, in filing an Amended Complaint that continues to include UMB as a defendant in this action, Plaintiff essentially acknowledges that the default judgment against UMB is void and unenforceable.  Accordingly, the court **grants** UMB's Motion to Vacate Default Judgment, and **sets aside** the state court's default judgment dated August 5, 2022, as it determines that the judgment is void for lack of insufficient service of process.

**B. Plaintiff's Request to Join Two Nondiverse Defendants and Remand**

Courts should freely grant leave to amend pleadings when justice so requires, especially during the early stages of litigation when opposing parties will not be prejudiced. *See* Fed. R. Civ. P. 15(a). Leave to amend, however, is not automatic. *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 607-08 (5th Cir. 1998) (footnote and citations omitted). When the plaintiff seeks to join additional defendants after removal "whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State Court." 28 U.S.C.§ 1447(e). When presented with a pleading or motion that seeks to add a new nondiverse defendant after removal, a district court "should scrutinize that amendment more closely than an ordinary amendment." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

In exercising discretion in deciding whether to permit or deny joinder, courts in the Fifth Circuit balance four non-exclusive factors. *Id.* These factors include: (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction"; "whether [the] plaintiff has been dilatory in asking for amendment"; (3) "whether [the] plaintiff will be significantly injured if amendment is not allowed"; and (4) "any other factors bearing on the equities." *Id.* If the court, upon balancing the equities, permits joinder of a non-diverse defendant, it must remand to state court. *Id.* If it does not permit joinder, the court retains jurisdiction. *Id.*

On balance, the court determines that consideration of the *Hensgens* factors favors joinder. Although Vien Ladd and Dennis Little were not included as defendants in Plaintiff's Amended Petition before the case was removed, the court agrees that their presence *may* facilitate the resolution of Plaintiff's request for an order quieting title to the property in question.[1] As noted

---

[1] That Vien Ladd's and Dennis Little's presence may be needed to facilitate the resolution of the parties' claims or defenses is not a determination or comment on whether they might be indispensable parties. As the court in *Hensgens* explained, "the balancing of . . . competing interests is not served by a rigid distinction of whether the proposed added party is an indispensable or permissive party. Instead, the district court, when confronted with an amendment to add

by Plaintiff, the TRO entered in the state court proceeding also precluded the foreclosure sale of the property. Thus, it does not appear that Plaintiff's purpose in adding these two individuals as defendants is to defeat federal jurisdiction.

Plaintiff's approximate six-month delay in seeking to amend its pleadings to join Vien Ladd and Dennis Little weighs against joinder; however, the remaining factors either support joinder or are neutral. Specifically, denial of joinder would force Plaintiff to pursue its claims against UMB and the two individual Defendants in separate proceedings, leading to judicial inefficiency and the possibility of conflicting outcomes. The last factor is neutral because granting joinder would deprive Defendants of a federal forum, but that factor is present in every case in which a plaintiff seeks to add a nondiverse defendant. Regardless, no party would be "significantly injured" if required to proceed in state court where all claims and defenses by them can be litigated.

Rather than addressing the above-referenced *Hensgens* factors, UMB's response focuses on the alleged futility of any claims by Plaintiff against Vien Ladd and Dennis Little (or UMB). Specifically, UMB contends that Plaintiff should not be allowed to add Vien Ladd and Dennis Little because the claims in the Amended Complaint are insufficiently pleaded, and, thus, do not satisfy Rule 12(b)(6)'s legal standard:

> Plaintiff here does not assert a claim upon which relief could be granted against Ladd and Little. The entire basis of its suit is a general, vague and conclusory claim that the statute of limitations may have barred [UMB] from proceeding with its June 7, 2022 foreclosure sale. The most Plaintiff pleads is that "upon information and belief" Traylor [or the Traylors] were in default of their mortgage payments in 2016 and that the loan was in foreclosure.
>
> To properly assert a claim that a mortgage lender is barred by limitations from foreclosing, the plaintiff must allege facts to show that the loan was in default, that a proper notice of default with intent to accelerate was given, that a proper notice of acceleration was given, that more than four years have passed from that

---

a nondiverse nonindispensable party, should use its discretion in deciding whether to allow that party to be added." *Hensgens*, 833 F.2d at 1182 & n.1.

> date of that acceleration before the filing of a suit for foreclosure or the conducting of a non-judicial foreclosure sale, and that that prior notice of acceleration was not abandoned or rescinded within four years.

UMB's Resp. 5 (citing *Bryant v. Ditech Fin. LLC*, No. 3:22-CV-0252-B, 2022 WL 17407994, at *2 (N.D. Tex. Dec. 2, 2022); and

From this, it appears that UMB is conflating the difference between improper joinder of a nondiverse defendant before removal and joinder of a nondiverse defendant after removal under section 1447(e). The improper joinder doctrine, however, is inapplicable and "does not apply to joinders that occur *after* an action is removed." *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009) (quoting *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999)). The futility of any claims asserted by Plaintiff against Vien Ladd and Dennis Little might shed some light on whether their joinder is being sought to defeat federal jurisdiction. There is no requirement, though, that a plaintiff's proposed pleadings must satisfy Rule 12(b)(6) before being permitted to amend under Rule 15(a) to add a party, nondiverse or otherwise. Additionally, while the court agrees that Plaintiff's Amended Complaint does do not include sufficient information to satisfy Rule 12(b)(6),[2] there is no indication at this early juncture that Plaintiff would not be able to cure the

---

[2] As noted, Plaintiff's Amended Complaint, and its state court pleadings, include a claim to quiet title. A suit to quiet title is a request to invoke the court's equitable powers in removing a cloud on the plaintiff's title to property. *See Ellis v. Waldrop*, 656 S.W.2d 902, 905 (Tex. 1983). Because a suit to quiet title is equitable in nature, money damages are not recoverable "under the rubric 'cloud on title.'" *Id.* "A cloud on title exists when an outstanding claim or encumbrance is shown which, on its face, if valid, would affect or impair the title of the owner of the property." *Sadler v. Duvall*, 815 S.W.2d 285, 293 n.2 (Tex. App.—Texarkana 1991, writ denied). "The effect of a suit to quiet title is to declare invalid or ineffective the defendant's claim to title." *Vernon v. Perrien*, 390 S.W.3d 47, 61 (Tex. App.—El Paso 2012, pet. denied) (citation omitted). Under Texas law, the plaintiff seeking to quiet title must allege: "(1) an interest in a specific property, (2) [that] title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *Id.* To prevail on a claim to quiet title, a plaintiff must rely on the strength of its own title, not the weakness of the defendant's title. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.); *Epstein v. U.S. Bank Nat'l Ass'n*, 540 F. App'x 354, 358 (5th Cir. 2013) (per curiam) (citing *Katz v. Rodriguez*, 563 S.W.2d 627, 629 (Tex. Civ. App.—Corpus Christi 1977, writ ref'd n.r.e.)). Challenges to the validity of an assignment of a deed of trust or the alleged lack of authority of the individual or entity that executed the assignment, even if accepted as true, are not sufficient bases for a quiet title action under Texas law. *See Epstein*, 540 F. App'x at 357-58. Additionally, regardless of whether a claim is based on a wrongful foreclosure or quiet title theory of recovery, "[t]ender of whatever sum is owed on the mortgage debt is a condition precedent to the mortgagor's recovery of title from a mortgagee who is in possession and claims title under a void foreclosure sale." *Fillion v. David Silvers Co*., 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) (citing

**Memorandum Opinion and Order – Page 7**

deficiencies noted by UMB by further amendment of its pleadings, and the court sees no reason why it should not be given the opportunity to amend its pleadings under Rule 15(a)'s liberal standard.

UMB's response also focuses on whether remand is required given the lack of information regarding the citizenship of Kingman. In this regard, UMB argues that "Plaintiff fails to identify its members, let alone allege the citizenship of each of them," and "[b]y not alleging its citizenship, Plaintiff has not shown that the joinder of Ladd and Little, even if permitted by this [c]ourt, would defeat diversity jurisdiction." UMB's Resp. 4. Additionally, although UMB does not expressly contend that Vien Ladd and Dennis Little are not citizens of Texas, it notes the lack of information regarding their citizenship in Plaintiff's Amended Complaint and Motion to Remand, which simply alleges in conclusory fashion that Vien Ladd and Dennis Little reside in Texas and that their addition would destroy diversity jurisdiction.

UMB's Notice of Removal alleges as follows regarding Plaintiff's citizenship:

> Plaintiff Kingman Holdings, LLC as trustee, is a Texas Limited Liability Corporation. For diversity purposes, the citizenship of a limited liability company is determined by the citizenship of its members. The sole member of Kingman Holdings, LLC, Mark DiSanti, is an individual and citizen of the state of Texas, making Kingman Holdings, LLC a citizen of Texas for diversity jurisdiction purposes.

UMB's Notice of Removal ¶ 6 (internal citation omitted). These allegations provide the court with sufficient information to determine Plaintiff's citizenship and conclude that Plaintiff is a citizen of Texas. As UMB correctly notes, however, this does not resolve the issue of whether complete diversity of citizenship would be lacking if Plaintiff is allowed to amend its pleadings to join Vien Ladd and Dennis Little.

---

*Willoughby v. Jones*, 251 S.W.2d 508 (1952)); *see also Carter v. PennyMac Loan Servs., L.L.C.*, No. 22-20327, 2022 WL 17817953, at *1 (5th Cir. Dec. 20, 2022) (quoting *Fillion*, 709 S.W.2d at 246).

**Memorandum Opinion and Order – Page 8**

In its reply brief, however, Plaintiff asserts that Vien Ladd and Dennis Little are domiciled in Texas and points to information in the Foreclosure Sale Deed that includes a Texas mailing address for both individuals.  Plaintiff also submitted information from the Ellis County Appraisal District, which shows that Vien Ladd and Dennis Little have claimed a homestead exemption for the property at issue.  The court agrees with Plaintiff that this information is sufficient to show that Vien Ladd and Dennis Little reside in Texas with the intent to remain indefinitely and, as such, are Texas citizens.[3]

Based on the foregoing reasoning, the court determines that Plaintiff should be allowed to amend its pleadings to join Vien Ladd and Dennis Little, and, as a result of this ruling and Plaintiff's Amended Complaint, they are hereby joined as parties to this action.  The court, therefore, will not strike Plaintiff's Amended Complaint because of its prior failure to comply with Rule 15(a).[4]  Further, because Plaintiff and Defendants Vien Ladd and Dennis Little are Texas citizens, the court **grants** Plaintiff's Motion to Remand, as the joinder of Vien Ladd and Dennis Little divests the court of subject matter jurisdiction based on diversity of citizenship.

### C.  UMB's Motion to Dismiss

UMB moves, pursuant to Rule 12(b)(6) to dismiss all claim(s) against it as alleged in Plaintiff's Amended Complaint.  As the court has determined that Plaintiff should be permitted to

---

[3] A natural person is considered a citizen of the state where he or she is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely.  *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985).  "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient."  *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted).  "Domicile requires residence in [a] state and an intent to remain in the state."  *Id.* at 798 (citation omitted).

[4] While UMB contends that the allegations in the Amended Complaint are insufficient, and it opposes the joinder of Vien Ladd and Dennis Little, it has not objected to the Amended Complaint on the ground that Plaintiff failed to comply with Rule 15(a)(2)'s procedural requirements before filing the amended pleading.

**Memorandum Opinion and Order – Page 9**

amend its pleadings to join Vien Ladd and Dennis Little, it lacks jurisdiction to decide UMB's Motion to Dismiss (Doc. 11) and, therefore, **denies without prejudice** the motion.

### III. Conclusion

For the reasons explained, the court **grants** UMB's Motion to Vacate Default Judgment (Doc. 4) and **sets aside** the default judgment against it; **grants** Plaintiff's request to join Vien Ladd and Dennis Little as parties to this action, and, as a result of this ruling and Plaintiff's Amended Complaint, they are hereby **joined** as parties to this action;[5] **grants** Plaintiff's Motion to Remand; and **denies without prejudice** UMB's Motion to Dismiss.  As the post-removal joinder of Vien Ladd and Dennis Little divests the court of jurisdiction, it **remands** this action for lack of subject matter jurisdiction to the 40th Judicial District Court of Ellis County, Texas, from which it was removed and **directs** the clerk of the court to effect the remand of this action in accordance with the usual procedure.

**It is so ordered** this 9th day of March, 2023.

Sam A. Lindsay
United States District Judge

---

[5] As explained in this opinion and its February 22, 2022 order (Doc. 15), although no separated motion for joinder was filed by Kingman, the court **construes** Plaintiff's Motion to Remand and its Amended Complaint together as a motion to join Vien Ladd and Dennis Little as defendants in this removed action.